PAULINA ORTIZ PÉREZ, demandante y apelante *v.* PABLO HÉRETER, JR., y GREAT AMERICAN INDEMNITY COMPANY, demandados y apelados.

Núm. 7523.—*Sometido:* Mayo 11, 1938. *Resuelto:* Junio 10, 1938.

*V. Géigel Polanco,* abogado de la apelante; *J. Valldejuli Rodríguez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El 3 de marzo, 1937, había sido fijado como el día en que se celebraría el juicio de este caso en la corte de distrito. El 2 del mismo mes la demandante solicitó la posposición por los siguientes motivos:

Que su abogado le había devuelto todos los papeles del caso el 25 de febrero y había dejado de ser abogado de la demandante; que el nuevo letrado contratado por ella en marzo 1 no estaba preparado para entrar a juicio; que éste tenía otro caso cuya vista había sido señalada ante el Tribunal Supremo para las dos de la tarde del día 3 de marzo; que en su opinión la demandante tenía una buena causa de acción; que necesitaba tiempo para prepararse para el juicio del caso de la demandante.

Los demandados se opusieron a la moción fundándose en que:

El caso se había señalado para juicio el 21 de diciembre, 1936, y había sido suspendido a moción de la demandante; que había sido señalado para el 10 de febrero de 1937 y transferido nuevamente a instancias de la demandante; que cuando a petición de la demandante el caso se señaló para juicio por tercera vez para el 3 de marzo, los demandados anunciaron que se opondrían a cualquiera otra posposición; que las dos suspensiones anteriores habían ocasionado a los demandados más de $100 de gastos y que la posposición ulterior les costaría a ellos más de $50; que la demandante en su moción no ofrecía reembolsar estos gastos a los demandados.

La sentencia de la corte de distrito lee así:

"SENTENCIA

"En el día de ayer se llamó este caso a juicio oral por su orden de señalamiento en el calendario general de asuntos civiles de esta Corte. Antes de ser llamada la vista del caso y en la sesión de la

mañana, solicitó la demandante la suspensión del juicio oral y habiéndose opuesto a ello los demandados, se denegó la suspensión, quedando el caso pendiente para ser visto en la sesión de la tarde, tan pronto se terminase el otro juicio que había empezado en la sesión de la mañana.

"A las tres de la tarde se llamó a la vista del juicio oral en este caso, no compareciendo la demandante ni su abogado, por lo que los demandados solicitaron se diese por desistida de su acción a la demandante. En vista de la incomparecencia de la demandante, la corte dicta sentencia dándole por desistida de su acción, y le impone las costas y $100 por concepto de honorarios de abogado. Regístrese y notifíquese.

"Dada en San Juan, P. R., a 4 de marzo de 1937."

El 10 de marzo la demandante solicitó se dejara sin efecto la sentencia y se abriera de nuevo el caso. En esta moción ella hacía constar que además de los motivos aducidos en la moción anterior, durante la vista de la misma había llamado la atención del juez de distrito hacia el hecho de que litigaba *in forma pauperis* y no podía reembolsar los gastos a los demandados. También hacía constar que durante la vista de la moción anterior la corte había aprobado una estipulación entre las partes relativa a la transferencia del juicio a condición de que informaran a la corte de cualquier acuerdo a que se llegara. Que los abogados de las partes habían discutido la cuestión y convenido verbalmente en que se celebrara el juicio al siguiente día, o sea, el 4 de marzo. También exponía las circunstancias consideradas por los abogados de las partes para llegar a este acuerdo verbal. La demandante también aducía que su abogado al terminar la vista de su caso en la Corte Suprema, fué a la corte de distrito a las 3½ de la tarde del 3 de marzo para notificar a la corte del acuerdo verbal a que se había llegado en la mañana de dicho día y se le informó que la corte había declarado a la demandante por desistida de su acción.

El abogado de los demandados radicó el 29 de marzo una oposición escrita a la moción de la demandante para que se dejara sin efecto la sentencia. Se fijó el 31 de dicho mes

para oír la moción de la demandante. En mayo 20 el juez de distrito declaró sin lugar la moción de la demandante por las siguientes razones:

"RESOLUCIÓN

"El juicio oral de este caso fué señalado para el 3 de marzo último en calendario general. En la fecha y horas indicadas compareció la demandante representada por su abogado Sr. Géigel Polanco y solicitó la suspensión del juicio hasta nuevo señalamiento. Se opuso el demandado, que estaba en corte con su prueba lista para entrar en juicio y la corte denegó la suspensión solicitada por la demandante a menos que ésta previamente pagase al demandado las costas que se le ocasionaban con motivo de la suspensión. Alegó la demandante que no podía pagarlas y la corte, que estaba celebrando otro juicio, pospuso la vista de este caso para las dos de la tarde de ese día dando así oportunidad a las partes para que llegaran a un acuerdo sobre la suspensión o se preparase la demandante para entrar en juicio. A la hora indicada no compareció en forma alguna la demandante y la corte, a petición del demandado, dictó sentencia dándole por desistida de su acción. La sentencia fué dictada el 4 de marzo y seis días después radicó el abogado de la demandante una moción solicitando se dejara sin efecto alegando como fundamento que los abogados de las partes habían estipulado la posposición del juicio para el día 4 de marzo.

"Se señaló el 6 de abril último a las dos de la tarde para oír a las partes en relación con la moción del demandante. Comparecieron ambos abogados negando bajo juramento el del demandado que hubiese celebrado la alegada estipulación con el abogado de la parte contraria. En vista de la declaración del abogado del demandado y habida cuenta de la circunstancia adicional de que la alegada estipulación, de haberse celebrado, no fué notificada a la corte, procede denegar y por la presente se deniega la moción que solicita se deje sin efecto la sentencia en este caso dictada."

■■■ Si hubo algún acuerdo verbal, conforme se alega en la moción de la demandante, la prudencia ordinaria debió haber inducido al letrado de ésta a hacer constar por escrito este convenio y a radicar el mismo, según exige la regla 27 de las cortes de distrito. El juez de la corte inferior estuvo en lo cierto al negarse a prestar seria consideración a un supuesto acuerdo verbal, cuando la existencia de tal

acuerdo se había negado bajo juramento por el letrado de los demandados y el presunto convenio no se había notificado a la corte al momento de comenzar el juicio, o antes. La negativa a conceder la suspensión del caso, a menos que la demandante pagara a los demandados el valor de los gastos necesarios incurridos por éstos en su preparación para el juicio, era cuestión que caía dentro de la discreción de la corte inferior. El hecho de que la demandante litigaba *in forma pauperis* y en su consecuencia no estuviera en condiciones de pagar las costas, era tan sólo una entre un número de circunstancias a ser consideradas en el ejercicio de esa discreción. Es una inferencia lógica de la tercera moción de suspensión de la demandante que el nuevo letrado de ella no había tenido la oportunidad de entrevistarse con los testigos. Nada había que demostrara que siquiera hubiera hablado con el primer letrado de la demandante. En la moción se alegaba que el abogado no había tenido la oportunidad de estudiar la documentación del caso. Por tanto, la manifestación de que a juicio del segundo letrado ella tenía una buena causa de acción, no tenía mucho peso. Difícilmente podía servir de sustituta a un *affidavit* de méritos. La insolvencia de la demandante sugiere una fuerte probabilidad de que los honorarios de abogado dependían de que se tuviera éxito en el caso. La demandante en su moción para que se dejara sin efecto la sentencia sostuvo que su primer abogado al devolverle la documentación le había manifestado que no disponía de tiempo para seguir atendiéndole el caso. De haber él participado de la opinión del nuevo letrado de la demandante en torno a la naturaleza de la causa de acción de ella, no es probable que hubiera abandonado el caso unos días antes del juicio por falta de tiempo para celebrarlo. En ausencia de prueba más robusta, el juez de distrito no cometió abuso de discreción al hacer que el pago a los demandados fuera condición precedente a una tercera posposición, no obstante el hecho de que la demandante litigaba *in forma pauperis*.

*La sentencia y resolución apeladas deben ser confirmadas.*
El Juez Asociado Señor Travieso no intervino.